# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 13-20887

                              HONORABLE DENISE PAGE HOOD

WILLIE RILEY CURRY (D1),

    Defendant.

_____/

## ORDER DENYING MOTION FOR BOND
## and MOOTING MOTION FOR DISCOVERY

The Court held a hearing in this matter on November 21, 2014. Accordingly, for the reasons set forth on the record and below, Defendant Willie Riley Curry's Motion for Bond is denied and the Motion for Discovery is moot, the parties having resolved the matter.

**I.     BACKGROUND**

A First Superseding Indictment was issued on June 24, 2014 charging Defendants Willie Riley Curry and Tammy Denise Pollard with: Production of Child Pornography, 18 U.S.C. § 2251(a) (Counts One (Curry), Two (Curry) and Three (Curry and Pollard)); Conspiracy to Engage in Sex Trafficking of Children, 18 U.S.C. § 1594(c) (Count Four); Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b) (Counts Five and Six); Attempted Sex Trafficking of Children, 18 U.S.C. §§ 1591(a)

and (b), 1594(a) and 2 (Count Seven); and, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Count Eight) (Curry). (Doc. No. 47) In August 2013, the Indictment alleges that Defendants induced three minor victims to engage in sexually explicit conduct for the purpose of producing visual depiction of such conduct and that such depiction was produced and transmitted using materials transported through interstate and foreign commerce.

## II. ANALYSIS

### A. Motion for Bond

On October 29, 2013, Curry consented to detention pending trial in this case. (Doc. No. 16) On October 27, 2014, almost one year later, Curry seeks review of the Order for Detention Pending Trial. The Government responds that the presumption of detention applies in this case and that Curry has not rebutted the presumption.

The Court may review the Magistrate Judge's order detaining a defendant. 18 U.S.C. § 3145(b). A review of a Magistrate Judge's detention order is a *de novo* hearing. *United States v. Koubritti,* 2001 WL 1525270 at *5 (E.D. Mich. Oct. 16, 2001); *United States v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). The district court must order detention if, after a hearing, it concludes "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other

person and the community . . . ." 18 U.S.C. § 3142(e). The Government has the ultimate burden of proof by clear and convincing evidence that the defendant presents a danger to the community and that no condition or combination of conditions could reasonably assure the safety of the defendant or of other persons and the community. *United States* v. *Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). This matter is a rebuttable presumption of detention case under 18 U.S.C. § 3142(e)(3) where the charges involve production of child pornography and sex trafficking of children. 18 U.S.C. § 3142(e)(3)(E). The presumption in favor of detention imposes a burden of production of "some evidence" on the defendant that he does not pose a danger to the community or a risk of flight. *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010).

The district court must make findings as to bond or detention based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each factor is addressed below.

(1) As to the nature and circumstances of the offenses charged–the charges against Curry include seven counts of child pornography and sex trafficking of children. Curry faces 15 to 30 years of imprisonment in Counts One, Two and Three, up to life on Count Four, 15-30 years on Counts Five, Six and Seven, and up to 10

3

years on Count Eight.

(2) The weight of the evidence against the person–the Indictment establishes probable cause for the offense. *Hazime,* 762 F.2d at 37.

(3) The history and characteristics of the person–Curry has several prior adult felony convictions and Curry has received five prior terms of incarceration. He has a juvenile record beginning at 15 years old. There is no indication Curry was employed when he was arrested. He has a history of marijuana and cocaine use.

(4) The nature and seriousness of the danger posed by the person's release–based on the interviews of the minor victims and the alleged crimes committed by Curry against those victims, Curry is a danger to the victims, but also to children in general.

(5) As to risk of flight–Curry is facing in some counts a minimum of 15 years and in other counts up to life of imprisonment. Curry does not own a passport.

Weighing the factors above, Curry has not sufficiently rebutted the presumption of detention. There is a risk of flight in light of the mandatory minium of 15 years he is facing. As to danger to the community, Curry has not rebutted the presumption of detention in light of the allegations by the minor victims of violence, forced sex trafficking and production of child pornography. There are no conditions or a combination of conditions which would reasonably assure the safety of others.

### B. Motion for Discovery

The parties resolved the discovery issues on the record.

### III. CONCLUSION

For the reasons set forth above and on the record,

IT IS ORDERED that the Motion/Petition for Bond filed by Defendant Curry **(Doc. No. 60)** is DENIED.

IT IS FURTHER ORDERED that the Motion for Discovery **(Doc. No. 58)** and the Notice of Joinder/Concurrence by Defendant Pollard on ths Motion (**(Doc. No. 63)** are MOOT as RESOLVED.

IT IS FURTHER ORDERED that Defendant Curry's Joinder in Defendant Pollard's Motion for Withdrawal of Attorney and Motion to Attend Sister's Funeral **(Doc. No. 59)** is DENIED since Defendant Pollard's Motions are not relevant to Defendant Curry. Defendant Curry also filed the same Joinder on behalf of Defendant Pollard and, as such, the Motion **(Doc. No. 59)** is also DENIED as to Defendant Pollard as an erroneous filing.

                                                S/Denise Page Hood  
                                                Denise Page Hood  
                                                United States District Judge

Dated: January 8, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of

record on January 8, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager