**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

                                                         Case No. 13-20887

v.

                                                         HONORABLE DENISE PAGE HOOD

WILLIE CURRY (D-1),

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL DISCOVERY
AND DENYING PRO SE MOTION TO SUPPRESS**

**I.    BACKGROUND**

A First Superseding Indictment was issued on June 24, 2014 charging Defendants Willie Riley Curry and Tammy Denise Pollard with: Production of Child Pornography, 18 U.S.C. § 2251(a) (Counts One (Curry), Two (Curry) and Three (Curry and Pollard)); Conspiracy to Engage in Sex Trafficking of Children, 18 U.S.C. § 1594(c) (Count Four (Curry and Pollard)); Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b) (Counts Five and Six (Curry and Pollard)); Attempted Sex Trafficking of Children, 18 U.S.C. §§ 1591(a) and (b), 1594(a) and 2 (Count Seven (Curry and Pollard)); and, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Count Eight) (Curry). (Doc. No. 47)

In August 2013, the Indictment alleges that Defendants induced three minor victims to engage in sexually explicit conduct for the purpose of producing visual depiction of such conduct and that such depiction was produced and transmitted using materials transported through interstate and foreign commerce. It is noted that as to Defendant Curry, the Court has entered Orders: denying a Motion for Bond and Mooting Motion for Discovery (Doc. No. 71); denying Motion to Suppress Evidence Seized by Federal Agents at the Warwick address (Doc. No. 75); denying Motion to Appoint New Counsel (Doc. No. 76); appointing new counsel (Doc. No. 93); and denying Motions to Compel, to Suppress and Dismiss (Doc. No. 94).

This matter is before another Motion to Compel filed by defense counsel and a Pro Se Motion to Suppress filed by Curry. The Government filed responses to the motion and a hearing was held on the matter.

## II.   ANALYSIS

### A.   Motion to Compel Discovery

Defense counsel, on behalf of Curry, filed a Motion to Compel Discovery seeking texts, emails Facebook posting and other communications between the three alleged victims; any video or audio recording of victim interviews; identification of victim V1's seven boyfriends; texts, emails or phone calls made by any of the three victims from phones belonging to Tammy Pollard, Tammy Chamberlain and Tom

2

Sweet; and, court orders or documentation for the commitment of the three alleged victims to juvenile detention. Curry argues that the communication between the victims and others during the two weeks when the victims ran away from detention is crucial to their credibility. It was after the victims ran from the group outing while in detention that the incident at issue occurred.

The Government responds that it has produced all materials "in the government's possession" that are responsive to Curry's motion. The Government asserts that much of the discovery sought by Curry is not in its possession, such as social media postings. The Government claims it has no materials such as texts, emails, Facebook postings or other communications between the victims. None of the victim interviews were audio or video recorded. The Government asserts that it has no information as to V1's seven boyfriends. Only two cell phones were seized during the October 23, 2013 search. The Government does not have in its possession any cell phones belonging to Tammy Chamberlain or Tom Sweet.

Specifically, the Government asserts it has produced to Curry: 1) the forensic reports for two separate cell phones, including Curry's phone; 2) the text messages sent and received by Curry's phone produced by Metro-PCS pursuant to a search warrant; 3) the forensic report for the computer seized from the Warwick home; and, 4) any documents the Government possessed as to the victims' juvenile detention.

Based on the Government's response, it appears that it has produced discovery in its possession, custody or control. As to evidence possessed by third parties, Rule 16(a)(1) provides that the Government is required to produce statements and documents within the government's possession, custody or control. Fed. R. Crim. P. 16(a)(1). Curry has not shown that the Government has not produced any evidence in its possession, custody or control. The Court denies Defendant's Motion to Compel as to documents that are not in the Government's possession or control.

At the hearing, the defense raised the issue that the redacted documents produced by the Government to the defense must be reviewed *in camera* by the Court to determine whether the redacted portions are relevant to the case and/or show a witness's character for truthfulness. The Court has now reviewed the requested documents and finds the Government must produce the following documents which *may* be relevant at trial under Fed. R. Evid. Rules 607 to 609:

**Discovery produced to current defense counsel on Jun 25, 2015:**
- #000071 - the portion with an arrest date of 5/8/2012 for larceny
- #000075 - the portion with an arrest date of 5/8/2012 for larceny

**Discovery produced to current defense counsel on May 5, 2015:**
- #V3-000025 to 000026 - beginning with "legal history consists of: ... Larceny."
- #V3-000051 - beginning with "legal history consists of: ... Larceny."
- #V3-000084 - the portion with an arrest date of 5/8/2012 for larceny

- #V3-000090 - the portion with an arrest date of 5/8/2012 for larceny
- #V3-000093 - the portion with an arrest date of 5/8/2012 for larceny
- #V3-000097 - the portion with an arrest date of 5/8/2012 for larceny
- #V3-000100 - the portion with an arrest date of 5/8/2012 for larceny

As to these documents, the Court grants Curry's Motion to Compel the unredacted version of the documents as so noted above.

### B. Curry's Pro Se Motion to Suppress

This motion is filed *pro se* by Curry. The Court has previously ruled and notified Curry on the record on April 17, 2015 that any motions filed by Curry *pro se* will not be considered by the Court. The Court's Order regarding Curry's previous *pro se* Motion to Suppress (and other motions) were stricken and denied. The law is set forth below again, which was previously noted by the Court on the record.

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was

represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-922023 (6th Cir. 2004). A court's discretion to reject hybrid representation may apply to the filing of motions. *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother). The Sixth Circuit's analysis in *Mosely* is extended to filings of motions. *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished).

Because Curry is represented by counsel, the Court will not address Curry's second *pro se* Motion to Suppress. It is noted that the Court previously denied a Motion to Suppress the search warrant filed on behalf of Curry by a previous counsel. The current motion again seeks to suppress evidence found based on a search warrant. Because the Court has denied suppression of evidence seized pursuant to the search warrant on the Warwick address, Curry's current *pro se* motion is without merit. The instant Motion to Suppress is also an untimely Motion for Reconsideration under Local Rule 7.1.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon

shall be allowed unless the Court orders otherwise. E.D. Mich. LR 7.1(h)(2). Curry's motion is untimely filed. The Order denying the Motion to Suppress was filed on January 20, 2015. The instant motion was filed on June 15, 2015. The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

The Court finds that Curry is re-hashing the same arguments made in previous submissions to the Court. Even if Curry raises new arguments in this motion regarding the search warrant, any new motion which seeks reconsideration of the Court's order denying the motion to suppress regarding the search warrant cannot be considered by the Court since the motion would seek initial consideration of new

7

arguments. Curry should have raised these arguments previously. Curry has not demonstrated a palpable defect by which the Court was misled.

## III. CONCLUSION

For the reasons set forth above and on the record,

IT IS ORDERED that Defendant's Motion to Compel **(Doc. No. 102)** is GRANTED IN PART and DENIED IN PART as more fully set forth above.

IT IS FURTHER ORDERED that Defendant's *Pro Se* Motion to Suppress **(Doc. No. 104)** is DENIED.


                                           S/Denise Page Hood
                                           Denise Page Hood
                                           United States District Judge

Dated: July 17, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 17, 2015, by electronic and/or ordinary mail.

                                           S/Julie Owens
                                           Case Manager