**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,               CRIMINAL CASE NO. 13-20887
                                            HONORABLE DENISE PAGE HOOD
v.

D-1 WILLIE RILEY CURRY,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION**
**PURSUANT TO RULES 29 AND 45 [ECF No. 253]**

On August 12, 2015, a jury convicted Defendant of three counts of production of child pornography, one count of conspiracy to engage in sex trafficking of minors, three counts of sex trafficking of minors, and one count of felon in possession of a firearm. ECF No. 153. On or about August 26, 2019, Defendant filed a motion asking the Court to vacate his felon in possession of a firearm conviction (Count Eight) pursuant to Federal Rules of Criminal Procedure 29 and 45. [ECF No. 253]

Rule 29 addresses motions for a judgment of acquittal but provides that such a motion must be filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed.R.Cr.P. 29(c)(1). Defendant clearly did not file the instant motion within 14 days after the guilty verdict and the

discharge of the jury (August 12, 2015). Defendant actually filed his motion approximately four years and 14 days after the guilty verdict and the discharge of the jury.

> Rule 45 addresses computing and extending time, including stating that:
>
> (b) *In General*. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> > (A) before the originally prescribed or previously extended time expires; or
> >
> > (B) after the time expires if the party failed to act because of excusable neglect.

Fed.R.Cr.P. 45. Construing Defendant's motion in a light most generous to him, the Court could consider the motion as one to extend the time to file a Rule 29 motion due to the recent United States Supreme Court decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). As Defendant states in his motion, however, Defendant could challenge his felon in possession of a firearm conviction based on *Rehaif* in a motion filed pursuant to 28 U.S.C. § 2255. And, in fact, Defendant filed a 28 U.S.C. § 2255 motion and raised the *Rehaif* challenge in that motion, only weeks later, on or about September 18, 2019. *See* ECF No. 256. The Court will address Defendant's *Rehaif* challenge when resolving Defendant's 28 U.S.C. § 2255 motion.

Accordingly,

IT IS ORDERED that Defendant's Motion Pursuant to Rules 29 and 45 [ECF No. 253] is **DENIED**.

IT IS FURTHER ORDERED that the Court will address Defendant's argument regarding the effect of *Rehaif v. United States* when the Court rules on Defendant's Motion to Vacate His Convictions and/or Sentences [ECF No. 256].

IT IS ORDERED.

DATED: May 19, 2020

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge