# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     CRIMINAL CASE NO. 13-20887
                                        CIVIL CASE NO. 19-12737
v.                                          HONORABLE DENISE PAGE HOOD

D-1 WILLIE RILEY CURRY,

       Defendant.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [#288]

### I. Introduction

On May 19, 2020, the Court entered an Order (the "Order") denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). ECF No. 276. Defendant timely filed a Motion for Reconsideration of the Order, ECF No. 288, which the Court denies for the reasons set forth below.

### II. Legal Standard

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358

F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

### III. Analysis

In reviewing Defendant's Motion for Reconsideration, the Court finds that Defendant challenges the Court's conclusion on six of the ten issues raised in his 2255 Motion. Specifically, Defendant asserts:

1. He was prosecuted and convicted because he is a black (African-American) man. Citing, among other sources, The Ten Commandements of Preserving Error (1996) and The Criminal Defendant's Bible.

2. The Court disregarded *Krulewitch v. United States*, 336 U.S. 440 (1949) when considering his arguments regarding vagueness of conspiracy.

3. The Court's Order "subvert[ed] Curry's scienter argument" by holding that the term "knowing" is enough to find lawyers not ineffective. Citing *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

4. The Court mischaracterized Defendant's Commerce Clause argument.

5. The Court was "legally wrong" when concluding that Defendant's counsel was not ineffective for failing to seek dismissal of charges against Defendant on the basis of double jeopardy.

6. The Court's reasoning regarding *Rehaif* was wrong with respect to the timing of the knowledge.

*See* ECF No. 288, 4042-50.

The Court's review of: (a) the issues raised by Defendant in the 2255 Motion; (b) the Court's Order; and (c) the arguments in the Motion for Reconsideration, reveals that Defendant has not raised any new issues. The Court also finds that Defendant has not presented any novel arguments in his Motion for Reconsideration; Defendant simply reargues and rephrases arguments about why he believes the Court was "wrong" in reaching its conclusions in the Order. Although Defendant intermittently cites some authority that he did not cite in the 2255 Motion, all of the authority he cites in the Motion for Reconsideration existed long before he filed the 2255 Motion. The Court concludes that Defendant has not identified any palpable defect by which the Court and the parties have been misled.

Because "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication," E.D. Mich. L.R. 7.1(h)(3), the Court denies Defendant's Motion for Reconsideration.

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Reconsideration [ECF No. 288] is **DENIED.**

s/Denise Page Hood<br>United States District Judge

DATED: September 23, 2020