**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,               CRIMINAL CASE NO. 13-20887
                                  CIVIL CASE NO. 19-12737
v.                               HONORABLE DENISE PAGE HOOD

D-1 WILLIE RILEY CURRY,

      Defendant.
_____/

**ORDER DENYING SECOND MOTION TO RECONSIDER [#290]**

**I.    Introduction**

On May 19, 2020, the Court entered an Order (the "Order") denying Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (the "2255 Motion"). ECF No. 276. Defendant timely filed a Motion for Reconsideration of the Order, ECF No. 288, which the Court denied on June 18, 2020. ECF No. 289. On October 20, 2020, Defendant filed a (second) Motion for Reconsider. ECF No. 290.

**II.   Legal Standard**

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R.

7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D.Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E.D. Mich. L.R. 7.1(h)(3). *Brown v. Walgreens Income Protective Plan for Store Managers*, No. 10-CV-14442, 2013 WL 1040530, at *1 (E.D. Mich. Mar. 15, 2013). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3).

Pursuant to Local Rule 7.1(h)(1), "Subject to LR 59.1, a motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."

### III. Analysis

Defendant's (second) Motion to Reconsider is untimely, as it was filed four months after the last Order entered on his case. The three issues raised in the

(second) Motion to Reconsider also lack merit.  First, the Court finds no reason to "direct the Government to answer [Defendant]'s specific claims presented in every issue" in his 2255 Motion. ECF No. 290, PageID.4057.  The Government filed a response to Defendant's 2255 Motion as it saw fit; more importantly, the Court ruled on each issue raised by Defendant, including his argument that, "under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), that the Indictment failed to charge an offense." *Id.*

Second, Defendant disagrees with the Court's decision not to issue a Certificate of Appealability with respect to any issue in his 2255 Motion. Defendant does not say how or why a jurist of reason would find his arguments debatable.  He simply states that "*Medley* alone[] calls for a COA since [a] jurist of reason [could] find [Defendant]'s arguments debatable."[1] *Id.* at PageID.4058.  This conclusory statement does not support or warrant the issuance of a Certificate of Appealability in this case.

Third, Defendant's motion finds no support in the following argument:

---

[1]There are many *Medley* decisions throughout the federal courts, and it is unclear to the Court which *Medley* decision Defendant intends.  In any event, the standard regarding whether a certificate of appealability should issue is set forth in plain language in the Order. *See* ECF No. 276, PageID.3876-77. Defendant still has not shown that "reasonable jurists could debate (or, for that matter, agree that) [his] petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. Daniel*, 529 U.S. 473, 483-84 (2000) (citation and internal quotations omitted).

> [D]uring testimony of President Trump's most recent Coney-Barrett nomination to the Supreme Court (which is a jurist of reason) the matter of what constitutes a "super-precedent" [was raised]. It was clear that such a decision is settled with no dispute around the country.  According to Coney-Barrett[,] nearly every case is debatable[,] calling for the court to re-evaluate every claim [Defendant] submitted.  Therefore, this Motion should be granted.

*Id.* Most important with respect to the (second) Motion to Reconsider, Defendant's statements offer no explanation of any deficiency in the Order or why his claims set forth in his 2255 Motion should be re-evaluated.

For the reasons stated above, the Court concludes that Defendant has not identified any palpable defect by which the Court and the parties have been misled. As the (second) Motion to Consider is untimely and Defendant has failed to satisfy his burden, the Court denies Defendant's (second) Motion to Reconsider.

## IV.   Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Reconsider [ECF No. 290] is **DENIED.**

s/Denise Page Hood<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED: May 8, 2023